JAMES F. GOODFELLOW
PLAINTIFF *Pro Se*
3542 Fruitvale Ave. # 242
Oakland, CA 94602-2327
*(510)842-8165*
*(jfrankbarber@yahoo.com)*



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES F. GOODFELLOW
      Plaintiff,
vs.

GREGORY J. AHREN, in his official capacity as Alameda County Sheriff, ALAMEDA COUNTY, ALAMEDA COUNTY SHERIFFS DEPARTMENT, THE CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, IAN WILLIS, in his official capacity as an Alameda County Deputy Sheriff, and DOES 1 through 50;

      Defendants

Case No.: **C13-4726**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1. Civil Rights (*42 U.S.C. § 1983*)
2. Battery
3. Sexual Battery (*Cal. Civ. Code § 1708.5*)
4. Unruh Act (*Cal. Civ. Code §§ 51 et. seq.*)
5. False Imprisonment
6. Intentional Infliction of Emotional Distress
7. Negligent Infliction of Emotional Distress
8. Negligence
9. Slander *Per Se* (*Cal. Code Civ. Pro. § 45*)
10. Declaratory Relief

**DEMAND FOR JURY TRIAL**

JAMES F. GOODFELLOW ("Plaintiff" or "GOODFELLOW"), Plaintiff *pro se* for his complaint states as follows:

## JURISDICTION AND VENUE

1. The matters in controversy here arise under 42 U.S.C. Section 1983, and jurisdiction is conferred by 28 U.S.C. Sections 1331 (federal question) and 1343(3) and (4) (civil rights). GOODFELLOW also asserts various state claims as such claims for relief are within the pendant jurisdiction of this Court pursuant to U.S.C. Section 1367(c). Further, at all times mentioned or relevant herein, GOODFELLOW resided in and was a citizen of Alameda County.

2. Since the acts or omissions which give rise to GOODFELLOW's claims occurred in the City of Oakland, this action should be assigned to either the San Francisco or Oakland division, pursuant to Local Rule 3-2(d).

Complaint for Damages & Equitable Relief - 1

3. GOODFELLOW has exhausted his administrative remedies for suing public entities and their employees in the State of California.

## PARTIES

4. Defendant GREGORY J. AHREN, ("AHREN"), who is sued herein in his official capacity as the Sheriff of Alameda County, at all times relevant hereto acted within the scope of that office and employment and under color of state law.

5. Defendant ALAMEDA COUNTY ("COUNTY") is the local government entity, established under the laws of the State of California, responsible for Defendant SHERIFFS at all times relevant to this action.

6. Defendant the CITY OF OAKLAND ("OAKLAND") is the local government entity, established under the laws of the State of California, responsible for the Oakland Police Department at all times relevant to this action.

7. Defendant ALAMEDA COUNTY SHERIFFS DEPARTMENT ("SHERIFFS") is the local governmental agency established under the laws of the State of California, and is responsible for the individual sheriff deputies whose actions harmed and injured GOODFELLOW as set forth below.

8. Defendant OAKLAND POLICE DEPARTMENT ("POLICE") is the local governmental agency established under the laws of the State of California, responsible for the individual police officers, whose names are unknown to Plaintiff, and whose actions harmed and injured GOODFELLOW as set forth below.

9. Plaintiff is informed and believes and on that basis alleges that Defendant IAN WILLIS ("WILLIS") is and at all times mentioned herein was employed by Defendant SHERIFFS and that his duties include the purported investigation of citizen complaints against sheriff deputies and is sued in his official capacity.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE 1 through DOE 50, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint and allege the true names and capacities of said defendants, and each of them, when ascertained through discovery. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by their actions.

11. Plaintiff is informed and believes that at all times mentioned, each of the defendants was the agent of some or all of the other defendants, and in doing the acts and making the omissions alleged herein, was acting within the course and scope of such agency and with the permission, authority, and/or ratification of each such co-defendant. Each defendant is jointly and severally liable for all of the wrongs alleged herein.

## STATEMENT OF FACTS

12. On January 18, 2013 at approximately 8:00 p.m., GOODFELLOW was at home and answered a phone call from Mosleh Hugais who told him that "the police" had just called his cell phone concerning their intention to break into an apartment owned by Hugais and located at 3030 35th Avenue, Oakland, California – an apartment building ("The Penn Manor"). Hugais told GOODFELLOW that he was called to afford an opportunity open the apartment door in question and thereby avoid a door-break-down and damage. Plaintiff is informed and believes and on that basis alleges that Hugais sought his assistance because English is not his native language and because he valued Plaintiff's legal knowledge as a former practicing attorney. Plaintiff agreed to accompany Hugais.

13. Plaintiff is informed and believes and on such basis alleges that Hugais picked him up within the half hour at his residence in Oakland and that the two then proceeded to Penn Manor which was close by.

14. Upon arriving at Penn Manor by vehicle, Hugais pulled into the building's parking area, located on the street level, exited his vehicle and directly entered his office on the premises to retrieve the keys to Apartment 8. At the same time, GOODFELLOW, seeing many deputies equipped with vests and rifles in the parking area, thought that the situation was uniquely serious and approached a deputy wearing sergeant insignia to find out more.

15. Plaintiff asked the sergeant if he was in charge. The sergeant, whose full name is unknown to him, did not answer but responded with vulgar speech concerning his presence there. Plaintiff answered that he was an assistant to the manager and owner of Penn Manor and had come at his request. Plaintiff then asked if the person of interest was home or within Apartment 8 and stated that it was his understanding that in general law enforcement will not break down doors unless they know that their person of

interest is within. The sergeant mocked Plaintiff's observation with vulgar speech and refused to answer. Plaintiff then turned to another deputy sheriff, whose name is unknown to him, standing near the sergeant and asked the same question concerning whether the person of their interest was at home, in a business like manner such that this deputy sheriff was willing to and did reply in the negative that the person of interest was not at home. Whereupon GOODFELLOW then turned toward the sergeant and said "at least someone here has enough intelligence to answer a reasonable question."

16. The sergeant then assaulted GOODFELLOW by grabbing him, turning him about, handcuffing him tightly enough to cause immediate and substantial pain, forcing his legs apart and pushing his hands into GOODFELLOW's genitals, buttock and all over his person and thereafter threatened Plaintiff with further bodily injury.

17. Unknown to Plaintiff at that time, the Alameda County sheriff deputies had already broken into Apartment 8 prior to his arrival at Penn Manor and ascertained that their person of interest was not present and had thereby concluded any law enforcement business that they may have had at Penn Manor *before* GOODFELLOW was arrested.

18. The names of the law enforcement officers present during this assault as well as their respective affiliated agencies, were not and are not all known to Plaintiff who intends to learn them through discovery.

19. GOODFELLOW was then forced by another deputy sheriff, whose name is unknown to him but who was at about 6 and 2/3 feet tall, from the parking lot to the street. Plaintiff is informed and believes and on that basis alleges that the manner in which he was rushed to the street was devised to cause great pain and thus for the purpose of rendering Plaintiff completely submissive, *i.e.* torture. When Plaintiff protested that there was no need to harm him because he was not resisting arrest, the deputy responded "I know" and proceeded to torture Plaintiff using his height as leverage to force GOODFELLOW's cuffed hands up behind his back such that Plaintiff thought that his left wrist was breaking wherein he attempted to fall to the ground and begged the deputy to stop. In response this deputy sheriff used sufficient force to push Plaintiff up whereupon he screamed in pain and the same deputy mocked, threatened and continued to torture Plaintiff by intentionally inflicting pain even though GOODFELLOW was in no way resisting the arrest.

20. Several times while Plaintiff was being assaulted and tortured he was subjected to name calling, ridicule and mockery by several of the deputies present who gathered around and watched and thereby ratified the assault and torture. Defendant DOE 2 (the 6 and 2/3 foot tall deputy sheriff) further ridiculed and abused Plaintiff by repeatedly calling him a "drama queen" which Plaintiff is informed and believes and on that basis alleges derived from said defendant's perception/misperception regarding GOODFELLOW's sexual orientation. In addition, several deputies repeatedly said loudly that Plaintiff was "drunk and disorderly" which is *per se* slanderous. The names of these deputies are unknown to Plaintiff and, because his glasses fell from his face and broke when he was forced from the parking area to the street, Plaintiff was only able to see a few of their faces.

21. GOODFELLOW was detained at Penn Manor for some time until an Oakland police officer, whose name is unknown to plaintiff, arrived to administer a test to measure Plaintiff's blood alcohol level. Around that time and during Plaintiff's detention in hand-cuffs, another Oakland police officer approached and expressed regret concerning GOODFELLOW's treatment but stated that he lacked the rank to do anything about it.

22. When the Oakland police officer had administered the test described above, he stated out loud that the result was "too low" and he tried to trick Plaintiff into breathing into the apparatus again in an apparent effort to skew the test result which was unconscionable. At no time either during his arrest, detainment or imprisonment did any of the law enforcement officers apprise GOODFELLOW concerning his *Miranda* rights.

23. GOODFELLOW was then pushed into a van and driven about for an hour or more during which time he wept with pain and begged the sheriff deputies operating the van to loosen his handcuffs because of the extreme pain he was experiencing. These same deputies responded by laughing and denying his request, which was unconscionable. Later, when these same deputies placed another prisoner in the van with Plaintiff, said prisoner, whose name is unknown to Plaintiff, threatened him with harm if he cried anymore from the pain. All the while the Van was moving, Plaintiff, who was still handcuffed, was unable to prevent his movement whenever the van accelerated or slowed or turned, and each time this happened Plaintiff experienced even more intense pain from the handcuffs.

24. Upon arriving at his first disembarkation, the address of which is unknown to Plaintiff, he along with other prisoners who were present, were interviewed by a woman of Asian heritage, who identified herself as a nurse and proceeded to measure GOODFELLOW's blood pressure, which was substantially elevated. She also interviewed the prisoners, including Plaintiff, regarding their health and any current medical prescriptions. These interviews were not conducted privately and Plaintiff, who has an HIV/AIDS diagnosis, was reluctant to disclose this status around other prisoners.

25. GOODFELLOW reported to this nurse that his wrists and arms were injured and began to describe what had happened wherein the nurse interrupted him and stated that many prisoners experience pain and even bruising about the wrists and she made no effort to treat or examine GOODFELLOW's wrists. Though GOODFELLOW was very concerned that his incarceration would cause him to miss his HIV medications, which Plaintiff is informed and believes and on that basis alleges could and would adversely affect his treatment and prognosis, he was informed by this nurse that medications would not be available for days as his imprisonment began the Friday night before a three day weekend (Martin Luther King) and that no medications would or could be dispensed by policy unless and until any claimed prescriptions could be verified by his doctor.

26. Later, at a time unknown to Plaintiff, he was loaded into another van, along with other prisoners, and transported to the Santa Rita jail.

27. Upon arriving at Santa Rita, Plaintiff was placed in a holding area that was so crowded that he was unable to sit down, lie down or use the toilet and he remained standing for hours. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein the deputy sheriffs in charge of the holding cells at Santa Rita did not and do not keep accurate or complete records regarding the identity or the number of prisoners in any of the holding cells in furtherance of a deliberate effort to obfuscate systematic and routine overcrowding. Plaintiff looked for cameras in each of the holding cells he was imprisoned in and found that there were none. Plaintiff is informed and believes and on that basis alleges that the absence of cameras is and was at all times intentional on the part of Defendants COUNTY, SHERIFFS, and AHREN to cover up

overcrowding at Santa Rita as well as other unlawful actions by sheriff deputies including racial harassment.

28. While imprisoned for more than 24 hours, Plaintiff was moved from holding cell to holding cell and was never placed in an area containing any bed or chair in which he could rest. In one of these cells, Plaintiff witnessed racially based harassment of a young Hispanic prisoner by a deputy sheriff which was wholly gratuitous and which offended and upset Plaintiff, Plaintiff complained in writing and in a meeting with Defendant WILLIS who has refused to investigate.

29. On January 20, 2013, GOODFELLOW was taken into a hallway at Santa Rita by a deputy sheriff, whose name is unknown to Plaintiff, and was compelled to disclose his HIV/AIDS diagnosis in the presence of other prisoners which caused Plaintiff much stress. Around this time GOODFELLOW's blood pressure was taken again and remained substantially elevated. Although Plaintiff was forced to disclose his HIV/AIDS diagnosis, at no time was he provided any of his medications two separate doses of which were missed during his incarceration.

30. Plaintiff, who had been charged with two crimes-- obstruction of justice and drunk and disorderly conduct -- is informed and believes and on that basis alleges that his bail was set at $10,000. Plaintiff is further informed and believes that this bail obligation was satisfied in full by about 11:00 a.m. on January 19. Plaintiff is informed and believes and on that basis alleges that he was not released from Santa Rita jail until more than 12 hours later or sometime after 11:00 p.m. on January 20.

31. Upon his release from Santa Rita, Plaintiff had no money and his request to make a phone call was refused thereby forcing him to walk about a mile to the nearest Bart station in cold weather with inadequate clothing and foot wear. Plaintiff had never been to or near Santa Rita and had to guess at the direction and location of the BART station which was made even more difficult without his glasses which had been broken by defendants.

32. GOODFELLOW had no choice but to walk as quickly as he could in the dark another 15 blocks late at night from the Fruitvale Bart station to his apartment – a high crime area which is so dangerous that the Alameda County District Attorney has sought area injunctions therein to bar gang members.

33. Upon arriving home, GOODFELLOW remained agitated and was unable to sleep for another day during which time he became ill. Plaintiff later became so depressed and upset and humiliated by the actions of Defendants as described above that he experienced trauma and emotional and mental distress which continues.

34. On February 19, 2013, Plaintiff appeared at Alameda County Superior Court at which time he learned that the district attorney would not prosecute him and that all charges against him were dismissed (*Alameda Superior Court Case No. 03310519*). GOODFELLOW, who was not arraigned, was unable to obtain a copy of the police report in this matter and Defendant WILLIS refused his request for a copy.

35. On or about February 25, 2013, Plaintiff complained about the matters set forth herein in writing to Defendants AHREN and SHERIFFS wherein he also provided notice pursuant to California Government Code Section 800 *et seq.* of his claims and intention to file a civil lawsuit for damages and equitable relief.

36. Several months later, Plaintiff was contacted and later interviewed by Defendant WILLIS and another deputy sheriff, whose name is unknown to Plaintiff, purportedly for the purpose of investigating GOODFELLOW's complaint and Plaintiff's statement was recorded. In reality, WILLIS's questions were not investigatory in nature at all but sought to exonerate his colleagues by seeking admissions tantamount to legal conclusions and by offering opinions with no basis in fact. In addition WILLIS repeatedly refused information offered by Plaintiff regarding the injuries to his left wrist. GOODFELLOW is informed and believes and on that basis alleges that WILLIS did not interview any of the residents of Penn Manor many of whom were present during the matters set forth in Paragraphs 16 – 23 above. Plaintiff is informed and believes and on that basis alleges that WILLIS was so determined *not* to fairly and adequately investigate Plaintiff's complaint that he would not have even interviewed Mosleh Hugais, the landlord who requested GOODFELLOW's assistance on January 18, 2013, had Plaintiff not memorialized by e-mail WILLIS's repeated failure to return Mr. Hugais's phone calls and Plaintiff's intention to point out this failure to WILLIS's superiors. WILLIS has repeatedly refused and continues to refuse to provide GOODFELLOW with a copy of his recorded statement which is contrary to California law and WILLIS has justified said refusal as the official policy of Defendant

Complaint for Damages & Equitable Relief - 8

SHERIFFS. (Cal. Penal Code § 832). To date, defendants WILLIS, AHREN and SHERIFFS have refused to render any decision regarding the merits of any aspect of GOODFELLOW's complaint even though they have done nothing to further their purported investigation for months, including Plaintiff's charges that he was falsely arrested and imprisoned and that he was repeatedly slandered by deputy sheriffs, and said charges are so obviously meritorious and true that defendants' refusal to find they have merit is unconscionable.

37. On or about March 26, 2013, GOODFELLOW provided notice to Defendant COUNTY of his claims and his intention to sue pursuant to California Government Code section 800 *et. seq.*

### FIRST CLAIM FOR RELIEF
### DAMAGES FOR DEPRIVATION OF FEDERAL RIGHTS
### 42 U.S.C. § 1983
(Against All Defendants)

38. Plaintiff re-alleges and incorporates by reference each allegation set forth in all above paragraphs.

39. By engaging in the above-described misconduct and by acting pursuant to their customs, practices and policies, or by refusing to aid Plaintiff, Defendants DOE 1 through DOE 50, all of whom Plaintiff believes were law enforcement officers, and each of them, acting under color of state law, violated GOODFELLOW's federally-protected civil rights under 42 U.S.C. section 1983, including his right to free speech, his right to protection from unreasonable searches and seizures, his right to due process, his right to equal protection and liberty, his right to protection from cruel and unusual punishment and his right to privacy.

40. Defendant WILLIS has deliberately or negligently failed to fairly and/or adequately investigate GOODFLLOW's complaint, has refused to even receive or acknowledge probative evidence, has avoided or failed entirely to interview citizen witnesses to GOODFELLOW's ordeal, as described in Paragraphs 16 – 25 above, has ignored GOODFELLOW's continuing concern for his safety, has violated California law by unlawfully refusing GOODFELLOW's request for a copy of his recorded statement, has refused to make a determination regarding any aspect of GOODFELLOW's complaint, which in itself is unconscionable given that the public pays him substantial wages to

fairly and adequately and expeditiously investigate citizen complaints all of which indicates that WILLIS be held to the highest standard of care, and all of which constitute (i) ratification of the harmful actions by sheriff deputies described above, (ii) a denial of GOODFELLOW's federally-protected rights to due process, and (iii) unconscionable conduct all in violation of GOODFELLOW's constitutional rights.

41. Plaintiff is informed and believes and on that basis alleges that Defendants AHREN, SHERIFFS, COUNTY and CITY negligently hired, trained and supervised Defendants WILLIS and DOE 1 through DOE 50 and/or created policies, practices and/or a climate/culture that proximately caused Plaintiff's injuries.

42. In performing the acts described herein, defendants acted intentionally, recklessly and/or with deliberate indifference to GOODFELLOW's well-being, all under color of state law, to deprive Plaintiff of his constitutionally-protected rights.

43. As a direct and proximate result of the acts and omissions set forth above, GOODFELLOW has endured bodily harm, physical pain, humiliation, anxiety, indignity and mental and emotional anguish.

44. Pursuant to 42 U.S.C. section 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this law suit.

WHEREFORE Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### BATTERY
(Against Defendants DOE 1 through DOE 50)

45. Plaintiff re-alleges and incorporates by reference each allegation set forth in all above paragraphs.

46. Plaintiff is informed and believes and on that basis alleges that Defendants DOE 1 through DOE 50 were and are at all times relevant herein employed as law enforcement officers residing in California.

47. By acting or failing to act or assist Plaintiff during his ordeal and/or encouraging others to injure him with jeering and name-calling, as set forth above in Paragraphs 16 – 23 above, defendants DOE 1 through DOE 50, and each of them, battered Plaintiff repeatedly and intended to cause and did cause harmful contact with his person.

48. At all times relevant herein, Plaintiff repeatedly stated that he was not resisting arrest and otherwise protested the battery and did not at any time consent to the violations.

49. As a direct and proximate result of the conduct of defendants, and each of them, Plaintiff had to obtain medical services in an amount according to proof and will be compelled to incur additional obligations for medical treatment in an amount according to proof.

WHEREFORE Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### SEXUAL BATTERY
### Cal. Civ. Code §§ 1708.5 *et seq.*
(Against defendant DOE 1)

50. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

51. Defendant DOE 1, whom Plaintiff is informed and believes and on that basis alleges is and at all times relevant herein was an Alameda County sheriff deputy and who is called "Sergeant Carrol" or "Sergeant Carol" (Plaintiff is unaware of either the full or true name for this defendant), acted with the intent to cause harmful or offensive contact with several intimate parts of GOODFELLOW's person, namely his buttock, anus, scrotum, penis and testicles, all of which was unlawful and wholly gratuitous to any purported law enforcement duties or business, resulting in a series of sexually offensive contacts. Accordingly and by statute, Defendant DOE 1 is therefore liable for punitive and special damages.

WHEREFORE Plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
### UNRUH ACT VIOLOATIONS
### Cal. Civil Code §§51 *et. seq.*
(AHREN, SHERIFFS, WILLIS and DOE 1 through DOE 50)

52. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

53. Defendant SHERIFFS is a business establishment within the meaning of California's Unruh Civil Rights Act if it denies or aids or abets the denial of any of Plaintiff's rights or makes a determination or distinction contrary to the Unruh Act.

54. By denying Plaintiff his HIV/AIDS medications as matter of policy or practice during his false imprisonment, Defendant SHERIFFS wrongfully, arbitrarily and intentionally discriminated against GOODFELLOW in violation of the Unruh Act.

(California Civil Code § 51 *et. seq.*)

55. Plaintiff is informed and believes and on that basis alleges that Defendant AHREN has promulgated and or ratified Defendant SHERIFFS policy or practice regarding denial of HIV/AIDS medications and has therefore aided and abetted such discrimination and are therefore liable for compensatory, punitive (AHREN only) and treble actual damages.

56. By committing repeated acts of violence against Plaintiff based on a perception or misperception concerning his sexual orientation or by aiding and abetting such violence, Defendants DOE 1 through DOE 50 are liable for statutory fines, payable to GOODFELLOW, of up to $25,000 for each act of violence (Cal. Civ. Code § 51 *et seq.*) as well as compensatory, punitive and treble actual damages.

57. By committing repeated acts of violence against Plaintiff based on political activity, *viz* protesting the discourtesy of a peace officer as well as the arbitrary and capricious withholding of information essential in the moment for the preservation of both public safety and property rights, and/or aiding and abetting such violence by failing to assist GOODFELLOW and/or encouraging such violence, Defendants DOE 1 through DOE 50, and each of them, are liable for statutory fines, payable to GOODFELLOW, of up to $25,000 for each act of violence (Cal. Civ. Code § 51 *et. seq.*) as well as compensatory, punitive and treble actual damages.

58. By acting or failing to act with respect to GOODFELLOW's complaint regarding excessive force, as alleged above, Defendant WILLIS has ratified, aided and abetted the violent acts done to GOODFELLOW by Defendants DOE 1 through DOE 50 and is liable for statutory fines, payable to GOODFELLOW, of up to $25,000 for each act of violence (Cal. Civ. Code § 51 *et. seq.*) as well as compensatory, punitive and treble actual damages.

WHEREFORE Plaintiff prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
(Defendants AHREN, SHERIFFS and DOE 1 through DOE 50)

59. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

60. By unlawfully handcuffing, arresting, failing to give Plaintiff his *Miranda* rights and jailing Plaintiff and/or aiding and abetting these actions, Defendants DOE 1 through

DOE 50 caused Plaintiff to be falsely imprisoned which caused Plaintiff to suffer and to continue to suffer damages for which he is entitled to compensatory and punitive damages.

61. By promulgating and/or encouraging policies and/or practices that kept GOODELLOW in Santa Rita jail for more than 12 hours *after* he had made bail, Defendants AHREN and SHERIFFS caused GOODFELLOW an additional false imprisonment which caused him to suffer and to continue to suffer damages for which he is entitled to compensatory and punitive damages (AHREN only).

WHEREFORE Plaintiff prays for relief as set forth below.

## SIXTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants WILLIS and DOE 1 through DOE 50)

62. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

63. The conduct of Defendants WILLIS and DOE 1 through DOE 50 was extreme and outrageous and was intended to be harmful, demeaning, intimidating and injurious to Plaintiff and/or to prevent or frustrate any effort by Plaintiff to seek redress for such outrageous and unlawful acts. Said conduct was done intentionally and with malice and with conscious disregard for Plaintiff's rights and well-being and directly and proximately cause Plaintiff humiliation, trauma, mental pain and suffering and anguish.

WHEREFORE Plaintiff prays for relief as set forth below.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

64. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

65. The conduct of Defendants WILLIS and DOE 1 through DOE 50 constituted a breach of their duty of care to Plaintiff to ensure that they did not cause unnecessary or unjustified or unlawful harm to him. WILLIS and DOE 1 through DOE 50 should have reasonably foreseen that such breaches and disregard of their duties of care would cause emotional distress to Plaintiff.

66. By negligently hiring, supervising, and/or training Defendants WILLIS and DOE 1 through DOE 50, Defendants AHREN, COUNTY, SHERIFFS, POLICE and

CITY, and/or promulgating policies, practices or cultures that encourage such breaches of duty of care described above, these Defendants should have reasonably foreseen such breaches and that these would cause emotional distress to Plaintiff.

WHEREFORE Plaintiff prays for relief as set forth below.

### EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE
(Defendants AHREN, WILLIS, SHERIFFS and COUNTY)

67. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

68. Defendants, and each of them, owe GOODFELLOW a duty not to violate his federally-protected rights and to protect GOODFELLOW from sexual battery, false imprisonment, battery, discrimination based on his medical condition as well as violence by law enforcement, and said duty includes but is not limited to, taking prompt and effective action upon learning of such conduct on the part of Alameda County sheriff deputies.

69. Defendants AHREN, WILLIS, SHERIFFS and COUNTY failed to exercise reasonable/prudent due care in acting and/or failing to take action, as alleged herein, including but not limited to the hiring, training, supervising, investigating and disciplining Defendants DOE 1 through DOE 50, and each of them.

70. As a proximate result of Defendants' negligence and acts and/or omissions of negligence, GOODFELLOW has suffered and continues to suffer physical and emotional harm and is entitled to compensatory damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

### NINTH CAUSE OF ACTION
### SLANDER *PER SE*
Cal. Code Civ. Pro. §§ 44, 45 *et. seq.*
(Against Defendants DOE 1 through DOE 50)

71. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

72. Defendants DOE 1 through DOE 50, and each of them committed slander *per se* each time each such defendant stated out loud "you are drunk and disorderly" and within hearing of the group of citizens who had gathered and witnessed/heard the actions/words of defendants as described above.

73. By saying that Plaintiff was drunk and disorderly, a crime in California, when defendants knew or should have known that the accusation was not true and was made for the purpose of harassment, intimidation and humiliation, defendants are liable for special damages in addition to actual damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## TENTH CLAIM FOR RELIEF
## DECLARATORY RELIEF FOR PRACTICES VIOLATING
## THE FOURTH AND SIXTH AMENDMENTS
## AND CALIFORNIA PENAL CODE § 832.7 (b)
(Defendants COUNTY, SHERIFFS and AHREN)

74. Plaintiff re-alleges and incorporates by reference each allegation set forth in all paragraphs above.

75. The United States Constitution protects GOODFELLOW from unreasonable searches and seizures (Fourth Amendment), denial of due process (Sixth Amendment), prohibition of cruel and unusual punishment (Eight Amendment) and denial of equal protection (FOURTEENTH AMENDMENT).  California Penal Code § 837.2 (b) protects all citizen complainants, including GOODFELLOW, in their right to a copy of their initial "statements" (emphasis added) to any internal affairs department/officer of any local law enforcement agency investigating any citizen complaint.

76. Defendants COUNTY, SHERIFFS and AHREN have invoked, allowed or promulgated policies and/or practices which trammel upon these rights and protections, *viz.* (i) the unavailability of HIV/AIDS medications to prisoners of Santa Rita jail for up to four days following their arrest and incarceration; (ii) unconscionable overcrowding in the holding cells of Santa Rita jail and deliberate efforts on the part of Defendants to conceal such conditions; (iii) the practice of releasing prisoners who have made bail in a manner and timeliness that is arbitrary and capricious and with total disregard to the well-being and liberty of citizens, many of whom like GOODFELLOW, were falsely arrested and imprisoned, and (iv) deliberately and unlawfully withholding recorded statements of citizen complainants, including excessive force complaints.

77. Because the unlawful and unconstitutional practices complained of herein are ongoing, declaratory and/or injunctive relief is appropriate and in the interests of justice.

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;
2. Punitive damages according to proof;
3. Special damages according to proof;
4. Punitive damages against Defendants AHREN, WILLIS, DOE 1 through DOE 50;
5. Treble damages, but in no case less than $25,000 per violation under the Fourth Claim for Relief;
6. Declaratory relief that the policies and/or practices described above are unlawful and unconstitutional and for injunctive relief from Defendants AHREN, SHERIFFS and COUNTY to enact policies, procedures and training to protect the rights of citizen complainants and prisoners kept or housed in the Santa Rita jail;
7. Costs of suit incurred, including reasonable attorneys' fees incurred;
8. Such other relief as the Court deems necessary and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all her legal claims pursuant to Federal Rules of Civil Procedure 38(b).

DATED: October 9, 2013         By: JAMES F. GOODFELLOW
                                   PLAINTIFF *Pro Se*
                                   3542 Fruitvale Ave. #242
                                   Oakland, CA 94602-2327