1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

JAMES GOODFELLOW,

           Plaintiff,

      v.

GREGORY AHREN, and others,

           Defendants.

Case No. 13-cv-04726 RS (NC)

**ORDER ON MOTION TO COMPEL**

Re: Dkt. No. 47

     Pending before the Court is plaintiff's motion to compel discovery from defendants County of Alameda and Sheriff Ahern ("County defendants"), which was referred by Judge Richard Seeborg to the undersigned Magistrate Judge for resolution along with any further discovery disputes. Dkt. Nos. 47, 49. Plaintiff seeks to compel the County defendants to produce documents and provide further responses to document requests and interrogatories propounded by plaintiff. Dkt. No. 47. Plaintiff further requests $162.00 in sanctions against the County defendants and their counsel for the cost of bringing this motion. *Id.*

     The Court held a hearing on the discovery dispute on May 14, 2014. This order memorializes the Court's rulings at the hearing.

     The motion to compel is granted in part, denied in part, and taken under submission in part as follows:

     1.     In response to the Court's questions at the hearing, plaintiff identified two

main categories of information as having the highest priority: (1) the identities of the sheriff

deputies who witnessed the alleged unlawful conduct, including their names, email and

home addresses, and photographs; and (2) the disciplinary records and fitness for duty

records of Sergeant Carroll.  With respect to the first category, plaintiff contends that he

needs the information in order to identify the Doe defendants, to serve them with process,

and to be able to contact them as potential witnesses.  The County defendants respond that

they have identified the names of the sheriff deputies sought by plaintiff, and that the

remaining requested information is privileged, protected by privacy rights of the sheriff

deputies and third parties, and beyond the scope of permissible discovery.

The Court orders the County defendants to amend their Rule 26 disclosures by

providing a summary of the role of the witnesses identified in the disclosures and of the

discoverable information that they might possess.  The summary is not intended to be

exhaustive, but to provide plaintiff with better information to identify the Doe defendants

and determine if further discovery is necessary.  In addition, the County defendants must

amend the Rule 26 disclosures to provide the bates numbers of the documents identified in

the disclosures that have been produced.  With respect to document category No. 8

("Consolidated Records Information Management System (CRIMS) records regarding

plaintiff"), the County defendants must disclose that the documents are being withheld

based on objections, and state those objections.  With respect to category No. 11

("Documents pertaining to disciplinary actions against plaintiff by the State Bar Court of

California"), plaintiff indicated at the hearing that he does not seek these documents and the

Court does not order their production.  The County defendants must serve and file the

amended Rule 26 disclosures by May 28, 2014.

Additionally, if counsel for the County defendants can provide information as to the

process that could be used to serve any of the disclosed County sheriff deputies, that

information must be included in the amended Rule 26 disclosures.

Plaintiff's request for photographs of the sheriff deputies is denied without prejudice

at this stage.  The Court agrees with the County defendants that some of the information

requested by plaintiff implicates privacy and security concerns that weigh against unnecessary disclosure.  These concerns are aggravated by repeated statements made by plaintiff at the hearing indicating his willingness to violate Judge Seeborg's prior order, prohibiting plaintiff from communicating directly with represented parties, to the extent plaintiff believes the order unduly restricts his rights to political speech. *See* Dkt. No. 43. In light of plaintiff's statements and his expressed belief that this case has a political significance, the undersigned Magistrate Judge is not convinced that a protective order, which is a standard method for protecting sensitive information, would be effective in assuring that the information produced in discovery will not be used for any inappropriate purpose.

Plaintiff's motion to compel on his remaining discovery requests is taken under submission, and will be revisited after plaintiff has had the opportunity to review the amended disclosures and the documents produced so far by the County defendants.

2.      Plaintiff's request for sanctions is denied on the basis that the County defendants' responses and objections to the discovery requests were substantially justified. Fed. R. Civ. P. 37(a)(5)(A).

3.      The Court will hold a further hearing to address the status of the discovery and revisit the motion to compel on June 18, 2014 at 11:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

Any party may object to this non-dispositive discovery order within 14 days under Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: May 19, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge