UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GOODFELLOW, | Case No. 13-cv-04726 RS (NC) |
| Plaintiff, | **ORDER AFTER DISCOVERY HEARING** |
| v. | |
| GREGORY AHERN, and others, | |
| Defendants. | |

The Court, upon referral from District Court Judge Richard Seeborg, held a discovery status hearing on August 6. Under consideration were pro se plaintiff James Goodfellow's motion to compel (docket entry 47), the sufficiency of the Alameda County defendants' amended Rule 26 initial disclosures (docket entry 69), and a discovery plan to move the case forward. On May 19, 2014, the Court denied in part, granted in part, and continued consideration of plaintiff's motion to compel. Dkt. No. 59.

Upon his request made on the day of the hearing, Mr. Goodfellow was permitted to participate by telephone. The Alameda County defendants were represented by attorney Lynne Stocker, who was present in Court.

The hearing was terminated prematurely by Mr. Goodfellow, who hung up. Before hanging up, he repeatedly interrupted and shouted over defendants' counsel and the Court. Before hanging up, Mr. Goodfellow articulated two issues: (1) he has no objection to the

Case No. 13-cv-04726 RS (NC)
ORDER AFTER DISCOVERY
HEARING

amended Rule 26 disclosures, because he did not seek amended disclosures; and (2) he demands verified responses to his written discovery requests from the County defendants. By hanging up, however, Mr. Goodfellow, prevented the County defendants from addressing these issues. And he prevented any discussion about a discovery plan in the case.

Because Mr. Goodfellow is representing himself, the Court will give him a further opportunity to express his positions in writing. By August 15, 2014, Mr. Goodfellow may file a supplemental brief and proposed order setting forth (1) any objection he has to the County defendants' amended Rule 26 disclosures; (2) any further arguments and relief requested in support of his motion to compel; and (3) his plan for discovery in this case. The County defendants must respond by August 22. The discovery plans must detail the discovery that each party seeks in the case, and by when. The parties must also discuss any proposed limits on discovery.

Effective immediately and until further Court order, the Court rescinds any requirement that the parties meet and confer with each other in person or by telephone before presenting a discovery dispute. The parties are to communicate with each other in writing, only, concerning discovery issues. This order is based on Mr. Goodfellow's behavior before the Court on May 14 and August 6.

Any party may object to this non-dispositive discovery order within 14 days under Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: August 7, 2014

Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-04726 RS (NC)
ORDER AFTER DISCOVERY
HEARING

2